UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK                    ECF CASE

---------------------------------------------------X              TRIAL BY JURY

NATALIE FERNANDEZ                                 DEMANDED

Plaintiff

      -V-                                   CIVIL RIGHTS COMPLAINT

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
POLICE OFFICERS ULISSES
SANTANA SHIELD NO. 30505,

Defendants.

---------------------------------------------------X

Plaintiff, NATALIE FERNANDEZ, by and through her attorney, Andres M. Aranda, Esq., respectfully shows to this court and alleges as follows:

1. This is a civil rights action in which the Plaintiff, NATALIE FERNANDEZ seeks relief for the defendants' violations of her rights secured by the Civil Rights Act of 1871, 42 USC Section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution and the Constitutions of the State of New York and the United States.
2. The plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.
3. This action was initiated within three years after the Plaintiff's claim arose due to the termination of the criminal prosecution, in which the criminal matter was dismissed and sealed.

### JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. Sect. 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York.
5. Jurisdiction is founded upon 28 U.S.C. Sect. 1331, 1343, (1-4) and 2202.
6. Venue is proper in this district pursuant to 28 U.S.C. Sect. 1391 (b).

## JURY DEMANDED

7. The Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff, NATALIE FERNANDEZ, is an American Citizen residing in the Bronx, New York.
9. Defendant City of New York, hereinafter City, is a municipal corporation organized under the laws of the State of New York and the public employer of the Police Officer named as a Defendant in this action.
10. The Defendant, NEW YORK CITY POLICE DEPARTMENT, hereinafter NYPD, is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.
11. At all times relevant herein, defendant Police Officer ULISES SANTANA, was a Police Officer of the NYPD, acting under color of law, as an agent, servant and employee of the defendant City and in furtherance of and within the scope of his employment; to wit under color of statues, ordinances, policies, regulations, customs, and usages of the City and or the NYPD. Hired, trained and supervised by the defendants City and NYPD.

## FACTUAL ALLEGATIONS

12. On November 9, 2024, at approximately 5:30 PM, Plaintiff, NATALIE FERNANDEZ, was maliciously, brutally and illegally arrested inside 2710 Morris Avenue, Bronx, NY, within the jurisdictional boundaries of the Southern District of New York. She was assaulted, manhandled and beaten by police officers, member of the NYPD and employees of the defendants City and NYPD.
13. The plaintiff was arrested, handcuffed and dragged to a police cruiser in front of her friends and neighbors, causing her great embarrassment, alarm and harm to her reputation.
14. The Plaintiff was arraigned the following day, November 10, 2024, and released.
15. The Plaintiff had to appear in Bronx Criminal Court several times.
16. The Plaintiff had to retain the services of an attorney in order to represent her in court.
17. The plaintiff was severely injured during the arrest process as a consequence of the excessive and unnecessary force used to arrest her.
18. The police officers, there were at least eight officers who responded to the scene of the arrest, in order to attempt to cover their viciousness while arresting Plaintiff,

they falsely charged the plaintiff with resisting arrest. (Criminal Court Complaint attached ex. 1)
19. Police Officer Ulises Santana falsely accused plaintiff of resisting arrest.
20. The plaintiff was charged with resisting arrest, Obstructing Governmental Administration and Attempted Escape.
21. After a full and thorough investigation, the criminal charges against the plaintiff were dismissed and sealed on February 13, 2025. (Certificate of Disposition attached ex.2)
22. The plaintiff was released at arraignment.
23. The plaintiff went to the hospital upon being released.
24. The plaintiff has undergone surgery in order to repair the damage caused to her by the defendant, P.O. Ulises Santana, an employee of the NYPD who was in uniform and acting within the scope of his employment, and under color of law, at the time that the plaintiff suffered these serious injuries.

## CAUSES OF ACTION

### Count 1

### SECTION 1981, 1983, 42 U.S.C. Fourth and Fourteenth Amendments

### Violations: Malicious Prosecution

25. The plaintiff incorporates by reference all of the allegations set forth in all proceeding paragraphs as if fully set forth herein.
26. On or about November 9, 2024 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by and signed by P.O. Ulises Santana.
27. P.O. Ulises Santana was the primary witness and the affiant of the accusatory instrument, which he swore to under penalties of perjury on November 9, 2024, at 10:59 PM.
28. Plaintiff states that P.O. Santana dd not make a complete, accurate, truthful and full statement of facts. P.O. Santana misrepresented and and falsified evidence that created a falsehood in signing the misdemeanor complaint and said falsehoods were material for a finding of probable cause.
29. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be charged with acts in violation of the Penal Law of the State of New York.
30. Plaintiff had not given defendants CITY, NYPD and PO ULISES SANTANA, their agents, servants or employees, probable cause to believe the falsely charged illegal

31. Plaintiff had not given defendant CITY, its agents, servants or employees, including P.O. Ulises Santana, probable cause to believe that plaintiff had committed the falsely charged illegal acts.
32. The defendants acted with malice because P.O. Santana did not arrest plaintiff with a desire to see the ends of justice served but rather with the malicious intent of making another arrest.
33. As a result of defendants' malicious acts, the plaintiff was forced to defend herself in court, incurring legal expenses, spending many hours in court, needlessly having to worry about her case and her liberty.
34. The plaintiff remained incarcerated approximately 30 hours, thus being unjustly deprived of her liberty.
35. The conduct of the defendant was the direct cause of the plaintiff being deprived of her liberty for approximately 30 hours in violation of the U.S. Constitution, the Constitution of the State of New York and the Civil Rights Act.
36. The defendant's action ruined the plaintiff's reputation and standing in the community.
37. As stated above, on February 13, 2025, ALL the criminal charges against plaintiff were dismissed and sealed.

## COUNT TWO FOR RELIEF

### 42 U.S.C. SECTIONS 1981, 1983 AND THE FOURTH AMENDMENT

### VIOLATIONS FOR FALSE ARREST

38. Plaintiff repats and reiterates the allegations contained in the complaint as if fully set forth herein.
39. On or about November 9, 2024 in the County of the Bronx, New York, within the jurisdictional confines of the SDNY, NATALIE FERNANDEZ, was unlawfully detained, arrested, assaulted, and imprisoned by agents, servants, and/or employees of defendant CITY, including defendant ULISES SANTANA.
40. That the aforesaid and imprisonment was wanton, malicious, unlawful, and not based upon a warrant, probable cause, and or any justification, and was therefore a false arrest and imprisonment, as evidenced by the fact that a criminal court of competent jurisdiction dismissed and sealed all charges brought against the then defendant now plaintiff herein.

41. That defendant CITY, through its agents, servants and/or employees, including defendant police officer ULISES SANTANA, acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of Natalie Fernandez.
42. At the time of NATALIE FERNANDEZ' unlawful arrest and imprisonment the defendants knew or should have known through the exercise of proper procedure and reasonable investigation, that the aforementioned arrest and imprisonment were false and without probable cause.
43. That the aforementioned arrest and imprisonment was made with knowledge of and/or reckless disregard of the material falseness of the criminal complaint.
44. The aforementioned false arrest and imprisonment caused NATALIE FERNANDEZ to suffer severe physical injuries, including injuries to her shoulder which required surgery, emotional and psychological distress, anguish, anxiety, fear humiliation, and loss of freedom.
45. By reason of the foregoing, the defendants became liable to Natalie Fernandez in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## COUNT THREE

### 42 U.S.C. Section 1983 AND THE FOURTH AMENDMENT VIOLATION

### EXCESSIVE AND UNNECESSARY FORCE

46. Plaintiff repeats and reiterates the allegations contained in the preceding paragraphs of the complaint as if fully set forth herein.
47. On or about November 9, 2024 plaintiff, NATALIE FERNANDEZ, was detained, arrested and imprisoned by Police Officer Ulises Santana, an employee and agent of defendants NYPD and CITY. At tha time he was acting within the scope of his employment and under color of law.
48. Defendant Ulises Santana used excessive and unnecessary force while falsely arresting Plaintiff. Suffered severe and unnecessary pain, had to undergo surgery and still will require further surgery.
49. Plaintiff's range of motion has been severely limited as a direct consequence of the vicious, brutal and unnecessary excessive force used to effectuate this false and unlawful arrest and detention of the innocent plaintiff.
50. It is per se unreasonable for a citizen to be injured during an arrest. Here the manner in which plaintiff was manhandled and abused clearly makes it not only unreasonable and excessive but under 18 U.S.C. Section 242 it makes it borderline

criminal in nature. This statute makes it illegal for any law enforcement officer acting under color of law, such as herein, to deprive a person of their constitutional right, such as by falsely arresting them, while using excessive force.
51. By reason of the foregoing the defendants became liable to NATALIE FERNANDEZ in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## COUNT FOUR

## MUNICIPAL LIABILITY FOR CONSTITUTIONAL

## VIOLATIONS: MONELL CLAIM

52. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this complaint.
53. Prior to November 9, 2024, the CITY developed and maintained policies and customs which caused the deprivation and violation of Plaintiff's Constitutional rights.
54. Prior to November 9, 2024, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care and investigation, should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrest, using excessive and unwarranted force while making those false arrests, malicious prosecution, and unconstitutional violations of citizens' rights as guaranteed by the Constitution of the United States, the Constitution of the State of New York, and just plain decency. Specifically, defendant CITY knew or should have known that defendant P.O. ULISES SANTANA, and other Bronx police officers had falsely arrested, assaulted, and maliciously prosecuted other individuals, often resulting in tainted prosecutions.
55. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.
56. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case that they could violate the constitutional rights of the plaintiff, Natalie Fernandez, with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. Section 1983.

57. As a result of the foregoing, the plaintiff sustained damages and injuries previously described and seeks compensatory damages from the City of New York.

## DAMAGES

52. As a direct and proximate cause of the said acts of defendants, plaintiff, NATALIE FERNANDEZ, suffered the following injuries damages:

    a. Violations of her rights under the Fourth and Fourteenth Amendments to the Constitution:

    b. Loss to physical liberty due to detention/incarceration:

    c. Further restrictions of her liberty due to forced court appearances:

    d. Humiliation, embarrassment, and injury to reputation:

    e. Extreme emotional distress:

    f. Severe disruption of family:

    g. Excruciating and extreme physical pain due to the excessive force used to arrest plaintiff:

    h. Permanent scaring due to surgery performed to cure damage caused by excessive and unnecessary force used during arrest:

    i. Potential permanent limitation of range of motion due to injuries suffered during the arrest process and as a direct consequence of defendants' actions.

WHEREFORE, plaintiff requests the following relief as against all of the defendants herein:

1. Award compensatory damages in an amount to be determined by the Court
2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;
3. For such and further relief as this Court may deem just and proper.

*[signature]*

ANDRES M. ARANDA, ESQ.

930 GRAND CONCOURSE, STE 1A

BRONX, NEW YORK 10451

1-718-541-9244

arandaoffice@gmail.com